\*THE NORTHWESTERN OHIO NATURAL GAS CO. v. DAVIS ET AL.

CONDITIONS UNDER WHICH LEASE WAS HELD TO HAVE EXPIRED.

In 1886, six joint owners of an entire tract of land, leased the same for a term of five years, (for oil and gas purposes only) and as much longer as oil or gas should be found in paying quantities, at a yearly rental of $100 for each gas producing well. During the term, D. purchased and became the sole owner of about 190 acres of said tract. Nine gas producing wells were drilled on the entire tract, two of which are on the land purchased by D., one of which was exhausted and abandoned in 1892, and the other was worthless when suit was commenced. The rental was paid to D.—from the time she became the owner—on the one until it was abandoned, and the other until April, 1893, and it was tendered to her each year thereafter and refused.

*Held :* That where the lessee knew of and admitted the separate ownership of D., and recognized and ratified the same by payment and tender of payment to her of rentals for the two wells on her separate tract ; and further, where at the beginning of the action, gas is no longer found on the same in paying quantities, the lease by its terms, as to D.'s lands, has expired.

PRICE, J.

On the 5th day of June, 1886, Margaret Davis, Sallie Cobb, Isaac Davis, Howard Davis, Mara A. Wolf and E. B. Davis, entered into a contract in the nature of a lease with the Olean Oil company, whereby they conferred on the Olean Oil company the right to explore for gas and oil for the term of five years, and as much longer as oil or gas should be found in paying quantities, on a large tract of land situate in Marion township, there being in the whole tract about eight hundred acres.

This lease contained among other provisions the following :

" The party of the second part, their heirs and assigns, to have and to hold the same premises for the said purposes only, for and during the term of five years from the date hereof, and as much longer as oil or gas is found in paying quantities.

" It is further agreed that if gas is found in quantities sufficient to utilize and is sold, the consideration in full to the parties of the first part shall be $100 per annum, for each and every gas well drilled on the premises herein described and so used.

" Provided : In case no well is completed within six months from the date of this lease, then this lease shall be null and void.

" Provided : In case gas is found in quantities to exceed the necessities of second parties for fuel in sinking and operating wells, the first party shall have the privilege of using of said surplus to heat the house or houses upon said premises, first party defraying the cost of pumping the same."

The Northwestern Ohio Natural Gas company filed its petition in the court of common pleas of this county, setting up its ownership of this lease so made to the Olean Oil company; that it acquired all the rights and privileges conferred by these parties I have named upon the Olean Oil company ; that having done so they entered into possession of this tract of land and put down nine wells, which produced gas in paying quantities when drilled. Two of these wells are located on the lands of the defendant, Annie Davis.

The plaintiff further alleges, that it had complied with all the conditions of the lease required of the lessee ; that gas was found in paying quantities, and that the annual rental of $100 for each well had been paid ; and that while the lease was in full force the defendants, Annie Davis and Thomas C. Kelley, unlawfully entered upon the leased premises, and were preparing to erect derricks, etc., and drill wells for oil and gas, which would be in violation of plaintiff's rights ; and an injunction is prayed for to restrain defendants from thus interfering with the possession and peaceable enjoyment of the premises under said lease.

A temporary injunction was allowed.

\* The judgment in this case was affirmed by the Supreme Court, October 4 1898 ; unreported.

We have heard the evidence adduced by the parties on the issues joined, and the question arises: Is the plaintiff entitled to the injunction prayed for?

There is no dispute about the test well having been drilled within the six months specified in the lease. It is equally clear that nine wells were drilled on the entire tract, two of which were on the lands now owned by Mrs. Davis. The evidence strongly tends to show that one well for every 120 to 160 acres is a sufficient development of the territory for natural gas. There is no conflict of evidence on the fact that the plaintiff paid the stipulated rental for each gas producing well, or tendered the same within the proper time.

On the part of the defense it was attempted to be shown that there was oil in this tract of land; that oil had been found in paying quantities in the lands adjoining on the east and north, and that to properly protect the lines of the leased land from drainage of oil therefrom by adjoining proprietors, wells should be drilled for oil along the lines, and that one such well should be drilled for every ten acres, in order to properly develop the farm for oil.

This class of evidence was excluded, because the answer avers no division of the land, and contains no allegation that the plaintiff knew of or in any way recognized the purchase and sole ownership by Mrs. Davis of the part she claimed; and that for aught that appears in her answer, the plaintiff still proposed to regard, as it could well do, the tract as a whole, and not as divided; and if still to be regarded as an entire tract under the lease, and the plaintiff was not in default in the performance of its covenants, then the defendants had no right to enter upon any part of the tract and drill for oil.

There had been no demand by Mrs. Davis or anyone else for a further or greater development for gas. Her demand, made in writing, was that the plaintiff explore for oil, which it declined to do.

Hence, it will be seen, that on the issue tendered by the defendant, the evidence offered was not competent.

This being the state of the pleadings, the plaintiff would be entitled to the relief prayed for, except for certain facts which the parties agreed upon and stated in open court as undisputed facts in the case. They are as follows:

"*First*—That the plaintiff, the Northwestern Ohio Natural Gas company, is the owner of the leasehold rights described in the petition, and more fully set out by copy in the answer; that two wells have been drilled by the plaintiff upon the portion of the premises now owned and admitted to be owned by the defendant, Mrs. Annie Davis; that both of these wells when drilled produced gas in paying quantities; that one of these wells, the second one drilled, has been exhausted and abandoned; that the first one drilled is such a well as is admitted in the answer of the defendant.

*Second*—That one hundred dollars ($100.00) has been paid upon each of said wells drilled upon the premises in dispute in this case, until the second well was abandoned in 1892, and that since that time one hundred ($100.00) has been paid upon the remaining well on said territory, or has been tendered and refused by the defendant, Annie Davis; April 1, 1893, being the date upon which the last payment was made and accepted. Since then the plaintiff has tendered $100 a year, but the defendant, Annie Davis, has refused to accept the same.

"It is thought that said abandoned well was abandoned in January, 1892, but this date cannot be definitely ascertained."

Stopping now to see what is referred to in the answer of the defendant as an admission, we find the following:

"That since June, 1886, and soon thereafter, the plaintiff, assuming to proceed under the right conferred by exhibit "A," entered on the lands now so owned by the defendant, Annie Davis, and put down two wells, both of which for a time produced natural gas in quantities to warrant transportation and use thereof by plaintiffs at Toledo and elsewhere; but one of which wells the plaintiffs long since abandoned; and the well now on said land, while it may be and doubtless does produce some little gas, the same is of comparatively little if any consequence as a gas well."

This part of the answer is one of the facts agreed upon, and putting this and the other agreed facts together, in the light of the issues joined, and what must be the result?

The petition of plaintiff was filed on the 8th day of March, 1895. The answer, in which the admission quoted is found, was filed on March 15. It would be fair to presume that, in the one week between the dates of filing these pleadings, there was not much change, if any, in the amount of gas being produced from that well. The two wells referred to are on the lands of Mrs. Davis. The rental of $100 for each of these two wells was paid to her, after she became the owner of the 190 acres, until one was abandoned in 1892, and the rental was paid to her for the other until April, 1893, and payment thereafter was tendered her by the plaintiff, and by her refused.

The majority of the court think there is but one conclusion that can be reached on these agreed facts; that the plaintiff not only knew of the purchase and sole ownership of Mrs. Davis, but knowing it, neither made nor tendered payment for these two wells to anyone else; and that by its course of dealing with her, it recognized her as the landlord to the extent of the part she owned.

Also, it appearing from these agreed facts, that, when suit was commenced, gas was not found in paying quantities on the 190 acres, the lease as to that part of the premises has expired.

The plaintiff is not entitled to an injunction, and its petition is dismissed.

SENEY, J., dissents.

*Doyle, Scott & Lewis*, for Plaintiff.

*A. Blackford* and *Geo. H. Phelps*, for Defendant.